UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LISA JORFALD,                                                          *DKT#:13-cv-6636*

                             Plaintiff,                          **COMPLAINT**

             - against -                        **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
P.O. JASON KATIGBAK (Shield # 23920),      **ECF CASE**
P.O. "JOHN DOE", Individually and in their official
capacities (the name John Doe being fictitious as the true
names is presently unknown),

                             Defendants.
------------------------------------------------------------------------x

        Plaintiff, LISA JORFALD, by her attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

    2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

    3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

    4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff, LISA JORFALD, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. JASON KATIGBAK (Shield # 23920) and P.O. "JOHN DOE", were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On or about March 15, 2013, the Plaintiff had taken a taxi cab home from a company function for her job. Plaintiff was taking the taxi cab from the company function to her home, which is located at 320 East 23rd Street in the County and State of New York.

14. The taxi cab pulled up in front of 300 East 23rd Street, which was a short distance from her residential apartment building.

15. Upon arriving at the location of her residence, the Plaintiff attempted numerous times to swipe her credit card through the taxi cab's automated credit card processing machine so that she could pay for the taxi cab ride.

16. The Plaintiff's credit card had ample money on it in order to pay for the taxi cab fare. However, the credit card was not being processed properly by the taxi cab's automated credit card processing machine.

17. The Plaintiff asked the taxi cab driver if she could go to her apartment in order to retrieve $14.00 in cash so that she could pay him.

18. The taxi cab driver became angry and upset.

19. P.O. JASON KATIGBAK (Shield # 23920) and P.O. "JOHN DOE" responded to the scene.

20. The Plaintiff explained to P.O. JASON KATIGBAK (Shield # 23920) and P.O. "JOHN DOE" that she had a credit card, but that the credit card was not being processed properly by the taxi cab's automated credit card processing machine.

21. The Plaintiff explained to P.O. JASON KATIGBAK (Shield # 23920) and P.O.

"JOHN DOE" that she could retrieve cash from her apartment.

22. As Plaintiff turned around to start walking to her apartment one of the two police officers jumped on the Plaintiff and tackled her to the ground.  Upon being tackled to the ground Plaintiff's face struck the concrete causing scrapes to the side of her face, which resulted in pain and suffering.

23. The second police officer did not intervene to prevent the unlawful arrest and the assault upon the Plaintiff despite having a reasonable opportunity to intervene and stop the unlawful actions of the other police officer.

24. The Plaintiff, who was aggressively attacked and forcefully taken to the ground without any justification, was screaming after her body hit the ground.

25. After the Plaintiff was tackled to the ground, the officer that tackled her intentionally grabbed her by the hair, pulled her head back, shouted "shut up", and then with great force smashed her face and chin into the ground.  This action caused the Plaintiff to sustain a severe laceration and excessive bleeding, which required 12 stitches to suture.  The Plaintiff also sustained 3 fractured teeth as a result of this action.  These injuries caused the Plaintiff significant physical injury, pain, and suffering.

26. The second police officer never intervened to prevent the unlawful arrest and assault upon the Plaintiff despite having a reasonable opportunity to intervene and stop the unlawful actions of the other police officer.

27. The Plaintiff was arrested and criminally charged in New York Criminal Court under docket number 2013NY021434 with Theft of Services, Criminal Possession of a Controlled Substance in the Seventh Degree, and Resisting Arrest.

28. The criminal complaint was signed and sworn to by P.O. JASON KATIGBAK

(Shield # 23920).

29. The criminal complaint alleged that the Plaintiff, "with intent to obtain public transportation service without payment of the lawful charge therefor and with intent to avoid payment of the lawful charge for such public transportation service which was rendered to him, obtained and attempted to obtain such service, and avoid and attempt to avoid payment therefore by force, intimidation, stealth, deception, mechanical tampering and by the unjustified failure to pay." P.O. JASON KATIGBAK (Shield # 23920) and P.O. "JOHN DOE" both knew that this was false since the Plaintiff explained the situation to them and explained that she would pay if she was given an opportunity to obtain cash since the taxi cab's automated credit card processing machine was not working. The Defendants chose to ignore this information and knowingly, intentionally, wilfully, and without probable cause, charged her with Theft of Services.

30. The criminal complaint also states, "when I attempted to place the defendant under arrest for failing to pay the fare, she ran from me and stated in substance: try to catch me mother fucker. Once I placed the defendant in handcuffs, she swung her head back at my head in an attempt to hit me." For these alleged actions, the Plaintiff was charged with Resisting Arrest.

31. The information related to the Resisting Arrest charge, and which is set forth in Paragraph 30, was false. The Plaintiff did not yell "try to catch me mother fucker." Moreover, the Plaintiff did not swing her head back at the P.O. JASON KATIGBAK's head in an attempt to hit him.

32. The Plaintiff was also not unlawfully in possession of a controlled substance.

33. The Plaintiff was in jail for approximately 12 hours before being released from custody.

34. The Plaintiff returned to Court to defend these charges approximately 3 times.

35. The Plaintiff's received an Adjournment in Contemplation of Dismissal (ACD) for her charges.

31. As a result of the foregoing, plaintiff sustained, <u>inter</u> <u>alia</u>, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, monetary loss (related to payment of criminal defense attorney fees) and suffered a deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

34. All of the aforementioned acts deprived plaintiff LISA JORFALD of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the

supervision of ranking officers of said department.

37. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. That the level of force employed by defendants against Plaintiff, was objectively unreasonable and in violation of Plaintiff's, constitutional rights.

40. As a result of the foregoing, the plaintiff suffered, inter alia, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. As a result of defendants' aforementioned conduct, plaintiff LISA JORFALD was subjected to an illegal, improper and unlawful seizure of her person without any probable cause, privilege, or consent.

43. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

44. As a result of the foregoing, plaintiff sustained, inter alia, pain, suffering,

physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, monetary loss (related to payment of criminal defense attorney fees) and suffered a deprivation of her constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. As a result of defendants' aforementioned conduct, plaintiff LISA JORFALD and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

47. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of LISA JORFALD's constitutional rights.

48. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, monetary loss (related to payment of criminal defense attorney fees) and suffered a deprivation of her constitutional rights.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE 42 U.S.C § 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. As set forth above, one of the Defendant police officers assaulted and used excessive force against the Plaintiff without justification.  The second officer failed to intervene to prevent the excessive use of force against the Plaintiff despite having ample opportunity to intervene.

51. Both of the individually named defendants also knew that the criminal charges and the allegations in the criminal complaint were false.  Nevertheless, P.O. "JOHN DOE" failed to intervene to prevent the false arrest of the Plaintiff.  P.O. "JOHN DOE" also failed to intervene to prevent the inclusion of false allegations in the criminal complaint.

52. Both of the individually named defendants are jointly, severally, and equally liable for their individual acts and for their failure to intervene to prevent the other police officer from violating the Plaintiff's constitutional rights.

53. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, monetary loss (related to payment of criminal defense attorney fees) and suffered a deprivation of her constitutional rights.

## PENDENT STATE LAW CLAIMS

### FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### *ASSAULT*

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendant, P.O. JASON KATIGBAK (Shield # 23920) and P.O. "JOHN DOE", intended to cause and/or to place the Plaintiff in fear or apprehension of harmful or offensive contacts with Plaintiff's person.

56. Plaintiff was placed in great fear and apprehension of harmful and offensive contacts with her person.

57. Plaintiff was placed in fear and apprehension that the actions of P.O. JASON KATIGBAK (Shield # 23920) and P.O. "JOHN DOE" would cause her to become injured or falsely arrested.

58. At no time did the Plaintiff consent to any of the acts of P.O. JASON KATIGBAK (Shield # 23920) and P.O. "JOHN DOE".

59. P.O. JASON KATIGBAK (Shield # 23920) and P.O. "JOHN DOE" committed the foregoing acts intentionally, despicably, maliciously, and oppressively to injure the Plaintiff, and in willful and conscious disregard of the safety of the Plaintiff.

### SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### *BATTERY*

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendant, P.O. JASON KATIGBAK (Shield # 23920) and/or P.O. "JOHN DOE", intended to make harmful or offensive contact with the Plaintiff's person.

62. Plaintiff was subjected to a harmful and offensive contact with her person as a result of the actions of P.O. JASON KATIGBAK (Shield # 23920) and/or P.O. "JOHN DOE".

63. At no time did the Plaintiff consent to any of the acts of P.O. JASON KATIGBAK (Shield # 23920) and/or P.O. "JOHN DOE".

64. P.O. JASON KATIGBAK (Shield # 23920) and/or P.O. "JOHN DOE" committed the foregoing acts intentionally, despicably, maliciously, and oppressively to injure the Plaintiff, and in willful and conscious disregard of the safety of the Plaintiff.

### THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
*FALSE ARREST*

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. As a result of defendants' aforementioned conduct, plaintiff LISA JORFALD and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

67. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of LISA JORFALD's constitutional rights.

68. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and suffered a deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
*VICARIOUS LIABILITY and RESPONDEAT SUPERIOR*

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. That the corporate defendant, CITY OF NEW YORK, is liable to the Plaintiff for the acts and omissions and negligence, and the assault and battery, of its various agents, servants, and employees, including P.O. JASON KATIGBAK (Shield # 23920) and P.O. "JOHN DOE", under the legal theories of "Vicarious Liability" and "Respondeat Superior".

### CONDITIONS PRECEDENT

71. Within 90 days of the Plaintiff's injury, on or about June 11, 2013, a Notice of Claim was served upon the defendant City of New York, setting forth:

   a. The name and post office address of the claimant and his attorney;

   b. The nature of the claim;

   c. The time when, the place where, and the manner in which the claim arose;

   d. The items of damages and injuries sustained so far as practicable.

72. The Notice of Claim was served upon the defendant, City of New York, within 90 days after Plaintiff's several causes of action accrued.

73. A hearing was held on September 3, 2013, prior to the filing of the within lawsuit, where the Plaintiff provided testimony pursuant to Section 50-H of the General Municipal Law.

74. This action has been commenced within one year and 90 days after Plaintiff's various causes of action have accrued.

75. Plaintiff has duly complied with all of the conditions precedent to the commencement of these causes of action.

**DAMAGES AND RELIEF REQUESTED**

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. All of the foregoing acts by defendants deprived LISA JORFALD of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

**WHEREFORE**, plaintiff demands judgment against the Defendant, P.O. JASON KATIGBAK (Shield # 23920) and P.O. "JOHN DOE", pursuant to the federal causes of action above, in the sum of ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, and ONE MILLION DOLLARS ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action, and with interest at the legal rate from the date the cause of action accrued.

**WHEREFORE**, plaintiff demands judgment against the Defendant, CITY OF NEW YORK, and P.O. JASON KATIGBAK (Shield # 23920) and P.O. "JOHN DOE", pursuant to the state law causes of action above, in the sum of ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, and ONE MILLION DOLLARS ($1,000,000.00) in punitive damages, together with the costs and disbursements of this action, and with interest at the legal rate from the date the cause of action.

Dated:  New York, NY
       September 7, 2013                               */s/ Bryan Konoski (BK2325)*

By:    _____

BRYAN KONOSKI (BK2325)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832